Nur **MUHAMMED** a/k/a Noor
Ahmad, Petitioner,

v.

William **SLATTERY**, director of the New York District of the Immigration and Naturalization Service, Respondent.

No. 93 Civ. 0497 (CHT).

United States District Court,
S.D. New York.

June 27, 1994.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City (Andrew Herwitz, of counsel), for petitioner.

Mary Jo White, U.S. Atty., S.D.N.Y., New York City (James A. O'Brien, Sp. Asst. U.S. Atty., of counsel), for respondent.

### ORDER

TENNEY, District Judge.

Pursuant to Fed.R.Civ.P. 59(e) and Local Civil Rule 3(j), respondent has requested that the court vacate its earlier Opinion and Order of February 2, 1994 granting petitioner's habeas corpus writ and remanding his asylum claim for reconsideration on the merits. The February 2 Opinion and Order is reported at *Mohammad v. Slattery*, 842 F.Supp. 1553 (S.D.N.Y.1994); familiarity with the facts stated therein is assumed.

Contrary to the arguments raised by respondent, the court did not, nor did it intend, to establish any requirement that immigration judges consider the merits of asylum applications when denying motions to reopen orders of exclusion issued *in absentia*. Rather, the whole of the court's analysis addresses merely the question of whether the petitioner succeeded in establishing "reasonable cause" for his failure to attend an

exclusion hearing on May 23, 1990. This court, in its February 2 Opinion, held that the Immigration Judge and later the Board of Immigration Appeals failed to properly consider all the relevant factors in favor of granting petitioner's motion to reopen his exclusion proceedings. The court remains confident in its conclusion. As the Second Circuit recently held, in a decision remanding an *in absentia* order of deportation for further consideration of a motion to reopen, "the IJ (and the BIA) are required to 'consider the record as a whole [and] issue a reasoned opinion' when considering a motion." *Porfiro Romero–Morales v. I.N.S.*, 25 F.3d 125, 129 (2d Cir.1994) (quoting *Anderson v. McElroy*, 953 F.2d 803, 806 (2d Cir.1992). In the instant case, petitioner's facially valid asylum claim is probative of his good faith in failing to appear at the May 23 hearing, and is therefore relevant. Respondent's motion is DENIED.

So ordered.